IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-CR-00106-CNS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CESAR OCTAVIO VEGA CHACON,
2. JOSE EZEQUIEL ALVARADO-VILLARREAL,
3. ABYMELEC ALVAREZ-MIRANDA,
4. MANUEL CAMPOS,
5. SUSANA ELIZABETH CARRENO-HERNANDEZ, a/k/a "La Loba,"
6. FNU LNU, a/k/a "UM-5548,"
7. ALBERTO CERVANTES-SALAZAR,
8. LUIS DANIEL FELICIANO DEJESUS, a/k/a "Panda,"
9. URIEL FLORES, a/k/a "Kilo,"
10. FNU LNU, a/k/a "Ayon,"
12. JOSE ANTONIO SANCHEZ-OLMEDO, a/k/a "Luis Antonio Sanchez-Olmedo," a/k/a "Nino," a/k/a "Ninos," a/k/a "Miguel,"
13. VICTOR EDEL SANDOVAL-PORTELA,
14. LEONEL VILLARREAL-OLIVAS,
15. JUAN DEMETRIO VILLALPANDO JR., a/k/a "Junior,"
16. JOSE MISAEL ALCARAZ CORTEZ,
17. YULISSA ALELI CASTANEDA MEDRANO,
18. XIOMARA FAITH FABRES,
19. ERASMO FRANCO-GUTIERREZ,
20. CHRISTIAN MERCADO,
21. JOSE ABEL OTERO-CORREA,
22. IAN MICHAEL PAYNE, JR.,
23. STEPHANIE SAAVEDRA,
24. JUAN ANTONIO SERRANO-LOPEZ, and
25. JUAN DEMETRIO VILLALPANDO DOMINGUEZ,

    Defendants.

**GOVERNMENT'S MOTION TO DESIGNATE CASE AS COMPLEX PURSUANT TO 18 U.S.C. § 3161(h)(7)(B)(ii)**

NOW COMES THE UNITED STATES OF AMERICA, by Cyrus Y. Chung, Assistant United States Attorney, and requests that this Court designate the above-captioned case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

In support of this motion, the government asserts that, under 18 U.S.C. § 3161(h)(7)(B)(ii), the nature of this prosecution would make it unreasonable to expect adequate preparation for pre-trial proceedings and for the trial itself within the time limits established by this statute.   The government's argument is based on the following:

1.  The overall investigation began in December 2018, originally targeting Candelaria Vallejo-Gallo, who ran a methamphetamine, fentanyl, heroin, and cocaine distribution cell in the Denver metropolitan area.  That phase of the investigation culminated in the February 2020 indictment of 28 individuals, including Vallejo-Gallo, in case 20-cr-28-RM.   26 of those defendants have been arrested, all of whom have since pleaded guilty.

2.  Following those arrests, the investigation continued into Vallejo-Gallo's Mexico-based sources of supply, Isaias Campos-Rutiaga (since presumed deceased), and defendant Juan Demetrio Villalpando, Jr. a/k/a "Junior," resulting in the instant First Superseding Indictment.

3.  The first phase of the investigation alone involved approximately seven months of Title-III, Court-authorized interceptions of wire and/or electronic communications occurring on 15 different phones, which included extensions or renewals of some phone lines.   There are an estimated 43,810 call records which will be part of the discovery in this case just stemming from those wiretaps alone.

4. During the course of the investigation, more than 6,500 of those calls were deemed to be pertinent calls involving criminal activity.

5. Because much of the evidence in this indictment arose as a result of the wiretaps, the defendants will need full discovery of all of this information in order to prepare for pre-trial motions such as any motion to suppress the wiretaps. Clearly, the defendants will require a substantial amount of time to review the material and to prepare their motions.

6. Moreover, many of the conversations intercepted on the wiretaps and deemed to be pertinent calls during the course of these wiretaps were in the Spanish language.

7. During the initial phase of the investigation, there were approximately four different stationary pole cameras used as well as two surveillance cameras used at six separate locations for a period of time. These cameras resulted in the recordings of hundreds and possibly thousands of hours of recordings of surveillance. In addition, there were hundreds of tolls records gathered. All of these means of gathering information generate document production which will be a component of the discovery in this case.

8. Additionally, there were search warrants served at eight different locations that were executed during this phase of the investigation in the state of Colorado. During the execution of these warrants, evidence was seized. Agents also executed numerous search warrants of cellular telephones and similar electronic devices.

9. Due to the number of defendants and the vast amount of discovery,

including numerous tape recordings of conversations of the defendants, reports, surveillance logs, and wiretap documents, the Honorable Raymond Moore, United States District Judge for the District of Colorado, designated 20-cr-28-RM a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  *See United States v. Candelaria Vallejo-Gallo et al.*, 20-cr-28-RM, ECF No. 179.

10. This case involves even more discovery than that present in 20-cr-28-RM. In addition to the discovery for 20-cr-28-RM, which is necessary to turn over to the defense to disclose the overall nature of the investigation and the conspiracy charged in Count 1 of the First Superseding Indictment, the discovery for the continuing investigation into Campos-Rutiaga alone, for example, has over 39,000 pages of administrative subpoena material and over 10,000 pages of other investigative material documenting an investigation that spanned over two years.  The investigation into Villalpando has at least 95,000 more pages of administrative subpoena material, and over 18,500 pages of additional investigative material spanning the same time frame.

11. Each investigation, furthermore, involved numerous search warrants. Some 30 search warrants were obtained in the investigation into Campos-Rutiaga, and approximately 35 more were obtained in the Villalpando investigation.  Many of these search warrants involved procuring significant amounts of information from electronic communication service or remote computing service providers, including backups of mobile devices.

12. The Villalpando investigation also involved two further wiretaps, as well as physical search warrants in California and Colorado that resulted in the seizure of

numerous electronic devices. Forensic extraction and analysis of those devices conducted pursuant to search warrant is ongoing and will result in more discovery for the above-captioned defendants.

13. As such, the government submits that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by Title 18, United States Code, Section 3161.

14. The First Superseding Indictment charges twenty-four defendants with conspiracy to distribute and possess with the intent to distribute various types and amounts of illegal narcotics and seven more with conspiracy to commit money laundering.

15. With respect to pre-trial litigation, the government anticipates (1) discovery motions; (2) motions attacking the face of the indictment; (3) motions to suppress the wiretaps; (4) motions to suppress physical evidence; (5) motions to suppress statements; (6) motions relating to the admissibility of evidence under Rules 404(b), 608, and 609 of the Federal Rules of Criminal Procedure; and (7) motions relating to the admissibility of co-conspirator statements. The government further believes that the defense will require additional time to adequately investigate these issues, to prepare their motions, and to litigate these motions prior to trial.

16. Additionally, tens of thousands of pages of discovery have been disclosed this day, and the government anticipates that there will be thousands of pages more of discovery in this case, given the complex and voluminous nature of the case.

17. Further, defendant number 16, JOSE MISAEL ALCARAZ CORTEZ, was recently arrested in the United States District Court for the Central District of California

and has not yet appeared in the District of Colorado. On June 7, 2023, ALCARAZ CORTEZ was released on bond and given until June 28, 2023 to appear in the District of Colorado. Defendant number 25, JUAN DEMETRIO VILLALPANDO DOMINGUEZ, was arrested in the Central District of California as well. On May 15, 2023, VILLALPANDO DOMINGUEZ was detained there, but has not yet been transported to or appeared in the District of Colorado.

18. Given the number of defendants, the amount of discovery to be reviewed and the complexity of the charges, the government believes that the ends of justice will be served by the Court entering a complex case designation under 18 U.S.C. § 3161(h)(7)(B)(ii) and continuing the 70-day trial deadline by 180 days. Such a continuance outweighs the best interests of the public and the defendants in a speedy trial.

19. On June 9, 2023, undersigned counsel emailed a copy of this motion to all of the attorneys representing defendants who have appeared in this District in this case. Counsel for defendants Luis Daniel Feliciano DeJesus, Uriel Flores, Christian Mercado, Stephanie Saavedra, Susana Elizabeth Carreno-Hernandez, Juan Antonio Serrano-Lopez, and Jose Abel Otero-Correa specifically responded to the email and stated they had no objection to the motion. Counsel for defendants Xiomara Fabres, Alberto Cervantes-Salazar, and Ian Michael Payne had all previously indicated that they do not object to a declaration of complexity.

20.     Wherefore, the government respectfully requests that the Court grant the Government's Motion for a Complexity Designation, declare the case complex under Title 18, United States Code, Section 3161, and continue the 70-day trial deadline under the Speedy Trial Act by 180 days.

Dated this 9th day of June, 2023.

                                                RESPECTFULLY SUBMITTED,

                                                COLE FINEGAN
                                                UNITED STATES ATTORNEY
                                                DISTRICT OF COLORADO

BY:                */s/ Cyrus Y. Chung*
                                                Cyrus Y. Chung
                                                Alexander Duncan
                                                Assistant United States Attorneys
                                                United States Attorney's Office
                                                District of Colorado
                                                1801 California Street, Suite 1600
                                                Denver, CO 80202
                                                Telephone (303) 454-0100
                                                Fax (303) 454-0405
                                                Email: cyrus.chung@usdoj.gov

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on June 9, 2023, I electronically filed the foregoing GOVERNMENT'S MOTION TO DESIGNATE CASE AS COMPLEX PURSUANT TO 18 U.S.C. § 3161(h)(7)(B)(ii) with the Clerk of the Court using CM/ECF, which will send notification of such filing to all counsel of record in this case.

           By: *s/ Stephanie Graham*
           Stephanie Graham
           Legal Assistant
           United States Attorney's Office
           1801 California St., Suite 1600
           Denver, Colorado   80202
           Telephone:   (303) 454-0100