IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 1:23-cr-00106-CNS

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. CESAR OCTAVIO VEGA CHACON,
2. JOSE EZEQUIEL ALVARADO-VILLARREAL,
3. ABYMELEC ALVAREZ-MIRANDA,
4. MANUEL CAMPOS,
5. SUSANA ELIZABETH CARRENO-HERNANDEZ,
6. FIRST NAME UNKNOWN, LAST NAME UNKNOWN, a/k/a "UM-5548",
7. ALBERTO CERVANTES-SALAZAR,
8. LUIS DANIEL FELICIANO DEJESUS,
9. URIEL FLORES,
10. FIRST NAME UNKNOWN, LAST NAME UNKNOWN, a/k/a "Kilo",
11. MERARI MARTINEZ-SANCEZ,
12. JOSE ANTONIO SANCEZ-OLMEDO,
13. VICTOR EDEL SANDOVAL-PORTELA,
14. LEONEL VILLARREAL-OLIVAS,
15. JUAN DEMETRIO VILLAPANDO, JR.,
16. JOSE MISAEL ALCARAZ CORTEZ,
17. YULISSA ALELI CASTANEDA MEDRANO,
18. XIOMARA FAITH FABRES,
19. ERASMO FRANCO-GUTIERREZ,
20. CHRISTIAN MERCADO,
21. JOSE ABEL OTERO-CORREA,
22. IAN MICHAEL PAYNE, JR.,
23. STEPHANIE SAAVEDRA,
24. JUAN ANTONIO SERRANO-LOPEZ,
25. JUAN DEMETRIO VILLAPANDO DOMINGUEZ,

     Defendants.

**ORDER**

Before the Court is the government's Motion to Designate Case as Complex Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) (ECF No. 163). In its designation motion, the government contends that the Court should designate this case as complex because "the nature of this prosecution would make it unreasonable to expect adequate preparation for pre-trial proceedings" within the established statutory timelines (*id.* at 2). Defendants who have appeared in this District in this case at the time the government's motion was filed have no objection to the government's designation motion (*id.* at 6).

Under the Speedy Trial Act, a defendant's trial must commence within seventy days after their indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the Speedy Trial Act's seventy-day limit. *See* 18 U.S.C. § 3161(h)(1)(8). 18 U.S.C. § 3161(h)(7)(B)(ii) allows courts to order excludable time where:

> the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

The Speedy Trial Act sets forth additional factors courts consider when determining whether the exclusion of time is appropriate under the Act. *See* § 3161(h)(7)(B). In considering whether to grant a continuance the Court must set forth, in the case's record, orally or in writing, "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Hill*, 197 F.3d 436, 441 (10th Cir. 1999).

The government's designation motion describes the various factors that it contends warrant designating this case as complex, and continuing the Speedy Trial Act's "70-day trial deadline by

180 days" (ECF No. 163 at 6). The Court agrees with the government that it is appropriate to designate this case as complex pursuant to § 3161(h)(7)(B)(ii). The case involves numerous Defendants. The case's investigation has involved an estimated 43,810 call records across several cell phones—more than 6,500 of which have been deemed pertinent—and Defendants will need substantial time to review these records and other discovery to meaningfully prepare for any pre-trial motions (ECF No. 80 at 2–3). Defense counsel may also need a Spanish language translator for several of these calls (*id.* at 3). There are also many hours of surveillance footage at-issue in this case, "hundreds of tolls records gathered," search warrants executed at eight different locations, and thousands of pages of administrative subpoena material (*id.* at 3–4). Based on the relevant record considered as a whole—and given the number of Defendants, nature of the prosecution, and amount of discovery—this case is complex. For this reason, it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits set forth in the Speedy Trial Act (*see* ECF No. 163 at 5). Accordingly, and considering the remaining factors set forth in § 3161(h)(7)(B), the Court concludes that pursuant to § 3161(h)(7)(A) the ends of justice served by making this complexity designation and granting the government's requested continuance outweigh the best interests of the public and Defendants in a speedy trial, and that the failure to grant a continuance would deny the parties reasonable time to adequately prepare for pretrial and trial proceedings. *See United States v. Hernandez-Mejia*, 406 F. App'x 330, 336 (10th Cir. 2011); *United States v. Wellington*, 754 F.2d 1457, 1467 (9th Cir. 1985); *United States v. Thomas*, 774 F.2d 807, 810 (7th Cir. 1985).

Therefore, consistent with the above findings and analysis, the Court GRANTS the government's Motion to Designate Case as Complex Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) (ECF No. 163). IT IS HEREBY ORDERED THAT:

(1)      This case is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii);

(2)      The current motions deadline of 6/12/2023, motions hearing set 6/26/2023, trial preparation conference set 7/21/2023, and jury trial set 7/31/2023 are vacated;

(3)      A **Status Conference is set for October 12, 2023, at 10:00 a.m.** in Alfred A. Arraj United States Courthouse, Courtroom A702; and

(4)      The new Speedy Trial date, which includes all tolled time, is **February 18, 2024.**

DATED this 13th day of June 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

4